UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KAO SAETURN,

          Plaintiff,

   v.                                         Civil No. 06-1520-HA

                                        OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Kao Saeturn seeks judicial review of a final decision by the Commissioner of the

Social Security Administration denying his application for Supplemental Security Income (SSI)

disability benefits.  This court has jurisdiction to review the Commissioner's decision under 42

U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is affirmed.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA), "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step and determines  whether the impairment is equivalent to one or more impairments that the Commissioner has recognized are so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the presumption of disability is conclusive.

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step and determines whether the impairment prevents the claimant from engaging in work

2- OPINION AND ORDER

that the claimant has performed in the past. If the claimant is able to perform his or her former

work, a finding of "not disabled" is made and benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step and determines if the claimant can perform

other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof for steps one through four. Accordingly, the claimant bears the initial burden of

establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74

F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant must be deemed not disabled for purposes of determining

benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance;

it is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The

3- OPINION AND ORDER

Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one

rational interpretation, so long as one of the interpretations supports the decision of the ALJ.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at

1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035

(9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision. *Reddick*, 157 F.3d at 720.

## **FACTS**

Plaintiff was eighteen years old on the alleged disability onset date and was twenty-one

years old at the time of the ALJ's decision. Plaintiff attended high school through the tenth

grade, and has no past relevant work, although he has been paid by the state to babysit his sister.

He applied for benefits on October 8, 2002, alleging disability beginning August 19,

2002, from a spinal injury. The application was denied initially and on reconsideration. The ALJ

held hearings in 2004 and 2005, with the ALJ hearing testimony from several witnesses:

plaintiff, who was represented; medical experts James Haynes, M.D., and Prasanna Pati, M.D.;

plaintiff's mother, Farm Saeturn; ALJ Thomas Tielens; and a vocational expert (VE).

4- OPINION AND ORDER

On October 28, 2005, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date.  Tr. 44, Finding 1.

At step two, the ALJ found that plaintiff had the following severe physical impairments: closed head injury and residuals from spinal fractures.  Tr. 44, Finding 2.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 44, Finding 3.

At step four, the ALJ found that plaintiff had no past relevant work.  Tr. 44, Finding 6. The ALJ so found after determining that plaintiff had the RFC: to sit for six to eight hours in an eight hour work day for at least one hour at a time, stand and walk for two to six hours in an eight hour day and for a quarter of a mile, lift and carry up to twenty pounds occasionally, and ten pounds frequently, push and pull with his upper and lower extremities up to twenty pounds occasionally and ten pounds frequently. The ALJ also determined plaintiff should avoid ladders, ropes, scaffolds, and working around unprotected heights and hazards but that he could climb ramps and stairs occasionally, perform other postural activities occasionally, perform manipulations and physical functions of work, and communicate without restriction. He could manage simple monetary transactions, but needed written reminders for scheduling and for all but the simplest chores.  Tr. 44, Finding 5.

At step five, the ALJ found that, based on the above RFC and VE's testimony, plaintiff could perform work existing in significant numbers in the national economy.  Tr. 45, Finding 10.

## DISCUSSION

Plaintiff challenges the ALJ's evaluation of the evidence.  Specifically, plaintiff argues that the ALJ erred in (1) determining that plaintiff's bowel and bladder incontinence were nonsevere, (2) failing to find that plaintiff met or equaled any listing, (3) improperly discrediting plaintiff's testimony, and (4) relying on incomplete VE testimony.

### 1.        Bladder and Bowel Incontinence

Plaintiff asserts that the ALJ erred in determining that his bladder and bowel incontinence was nonsevere.  Plaintiff bears the burden of proving the existence of a severe impairment that prevented him from engaging in SGA for at least twelve continuous months.  42 U.S.C. § 423(d)(1)(A); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 2001).  An impairment is nonsevere only if it is a slight abnormality that has "no more than a minimal effect on an individual's ability to work."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  A severe impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques, and cannot be established only by the plaintiff's statements regarding his symptoms.  See 42 U.S.C. § 423(d)(3); 20 C.F.R. § 416.908; Social Security Ruling 96-3p

Here, plaintiff did not prove that incontinence was a severe impairment.  No objective evaluations or diagnostic techniques established that plaintiff had a severe impairment of incontinence that affected his ability to perform sedentary or light work.  Although plaintiff

initially had bladder and bowel incontinence after the August 2002 injury, his condition

improved during the three months after his discharge from the hospital and by October 25, 2002,

he reported no episodes of incontinence. Tr. 33.  In October 2004, plaintiff contradicted earlier

reports and said that he used a catheter two or three times a day and lost bowel control every

other day.  Plaintiff did not seek treatment for the reported incontinence.  Tr. 565.  Accordingly,

the ALJ was not required to believe plaintiff's allegations without any objective medical

evidence to support that finding.

        **2.**       **Meeting or Equaling a Listed Impairment**

Plaintiff asserts that the ALJ erred in finding that plaintiff's impairments, either

individually or in combination, did not meet or equal any listed impairment.  Plaintiff "bears the

burden of proving that . . .  [h]e has an impairment that meets or equals the criteria of an

impairment listed in Appendix 1 of the Commissioner's regulations."  *See Burch v. Barnhart*,

400 F.3d 676, 682 (9th Cir. 2005).  An ALJ may discredit opinions that are "unsupported by the

record as a whole, or by objective medical findings."  *Batson*, 359 F.3d at 1195.

No medical source pointed to objective evidence that established plaintiff's symptoms

and test results were equivalent to a listed impairment.  The ALJ properly resolved conflicts in

the medical evidence and medical testimony.  The ALJ rejected Dr. Pati's opinion because she

did not describe in detail what listed impairment plaintiff might meet.  Tr. 31.  The ALJ relied on

the opinions of Drs. Gostnell and Haynes that, despite some limitations, plaintiff retained the

ability to perform unskilled, light, or sedentary work.  Tr. 28-38.  Here, the plaintiff offered no

theory as to how his combined impairments are medically equivalent to the criteria for a listed

impairment, and the ALJ relied on substantial evidence in finding that plaintiff's impairments did not meet or medically equal any listed impairment.

3.      **Plaintiff's Testimony**

Plaintiff asserts that the ALJ erred in evaluating plaintiff's testimony.  If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell*, 947 F.2d at 342.  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an

underlying impairment 'which could reasonably be expected to produce the pain or other

symptoms alleged. . . .'"  *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988));

*see also Cotton*, 799 F.2d at 1407.  Second, he or she must show that the impairment or

combination of impairments could reasonably be expected to produce some degree of the alleged

symptoms.  The claimant need not produce objective medical evidence of the symptoms, or the

severity thereof:

> Nor must the claimant produce objective medical evidence of the causal
> relationship between the medically determinable impairment and the symptom.
> By requiring that the medical impairment "could reasonably be expected to
> produce" pain or another symptom, the *Cotton* test requires only that the causal
> relationship be a reasonable inference, not a medically proven phenomenon.
>
> Finally, the claimant need not show that her impairment could reasonably be
> expected to cause the severity of the symptom she has alleged; she need only
> show that it could reasonably have caused some degree of the symptom. This
> approach reflects the highly subjective and idiosyncratic nature of pain and other
> such symptoms. . . .  Thus, the ALJ may not reject subjective symptom testimony
> under the *Cotton* analysis simply because there is no showing that the impairment
> can reasonably produce the *degree* of symptom alleged.

 *Smolen*, 80 F.3d at 1282 (emphasis in the original) (citations and footnote omitted).

         In addition to medical evidence, factors relevant to the ALJ's credibility determination

include:  a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her

symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects

of any medication; treatment, other than medication; measures used to relieve symptoms; and

functional limitations caused by the symptoms.  *Id.* at 1284; 20 C.F.R. § 404.1529(c))(3).

         "The ALJ must state specifically which symptom testimony is not credible and what facts

in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284 (citation omitted).  In

determining that subjective testimony is not credible, the ALJ may rely on:

10- OPINION AND ORDER

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments could reasonably be expected to produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

Here, the ALJ found plaintiff's allegations regarding his limitations and inability to work not entirely credible. The ALJ gave a number of clear and convincing reasons for this credibility determination, including lack of support by objective findings, evidence of inconsistent statements and exaggeration, inconsistency with daily activities, and absence of medical treatment. The ALJ properly found plaintiff's subjective complaints to be inconsistent with the medical evidence and his credibility thereby diminished regarding his complaints of debilitating impairments.

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence to support the severity of limitations he claimed, the inconsistencies between his statements and his daily living activities, and his absence of medical treatment. The ALJ offered clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's allegation of disability.

11- OPINION AND ORDER

### 4. VE Testimony

Plaintiff argues that the ALJ's RFC finding and the hypothetical question posed to the VE were incomplete. "In order for the testimony of a VE to be considered reliable, the hypothetical must include all of the claimant's functional limitations, both physical and mental supported by the record." *Thomas v. Barnhart*, 278 F.3d 947 (9th Cir. 2002) (internal quotations omitted). The ALJ posited a hypothetical question to the VE that included limitations based on medical assumptions supported by substantial evidence in the record that reflected all of the plaintiff's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The VE testified that an individual with plaintiff's background and RFC could perform work as a cleaner/housekeeper, small products assembler, laundry folder, and a ticket checker.

As discussed above, the ALJ may disregard those functional limitations alleged by the plaintiff which are not found to be credible. The hypothetical question posed to the VE contained all of the plaintiff's functional limitations that were supported by credible and substantial evidence. Therefore the ALJ properly relied on the VE's testimony in finding that plaintiff could perform other work existing in significant numbers in the national economy.

**CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying plaintiff's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this _4_ day of September, 2008.

_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Court

13- OPINION AND ORDER